● **ORIGINAL** ●

FILED

2008 AUG -8 AM 9:11

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1 | Monty A. McIntyre, Esq. (SBN 95796)
2 | Wes E. Henricksen, Esq. (SBN 246712)
  | SELTZER CAPLAN MCMAHON VITEK
3 | A Law Corporation
  | 750 B Street, 2100 Symphony Towers
4 | San Diego, California 92101-8177
5 | Telephone: (619) 685-3003; Facsimile:   (619) 685-3100
  | mcintyre@scmv.com; whenricksen@scmv.com
6 |
7 | Attorneys for Defendants DON BARNES and DELK PRODUCTS, INC.

8 |                    **UNITED STATES DISTRICT COURT**

9 |                    **SOUTHERN DISTRICT OF CALIFORNIA**

10 | EVERGREEN RESEARCH AND          )  CASE NO. '08  CV 1438 WQH WMc
11 | MARKETING, LLC,                 )
                                     )  NOTICE OF REMOVAL OF CIVIL
12 |               Plaintiff,        )  ACTION BASED ON FEDERAL
                                     )  DIVERSITY JURISDICTION (28 U.S.C.
13 |      vs.                        )  §§ 1332, 1441(B))
14 |                                 )
15 | DON BARNES, an individual; and DELK )
   | PRODUCTS, INC.; LARRY KAIN, an  )
16 | individual; PINNACLE NATIONAL BANK; )
   | and DOES 1-20, inclusive,       )
17 |                                 )
18 |               Defendants.       )
                                     )
19 | _____

20 | TO:   THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND ALL

21 | ATTORNEYS OF RECORD:

22 |       PLEASE TAKE NOTICE that DON BARNES ("Barnes") and DELK PRODUCTS, INC.

23 | ("Delk"), Defendants in the above-entitled action, hereby remove the state court action described

24 | below to this court, based upon federal diversity jurisdiction.

25 |                          **I.    INTRODUCTION**

26 |       1.    This case is hereby removed from state court, where Plaintiff filed it and it is currently

27 | pending, to federal court.  This case may be removed to federal court because this court has original

28 |

NOTICE OF REMOVAL OF CIVIL ACTION                    Case No.

1  jurisdiction under 28 U.S.C. § 1332, and the action is one which may be removed to this court by

2  Defendants pursuant to the provisions of 28 U.S.C. § 1441(b).

## II.    THE STATE COURT ACTION

4      2.      On or about June 30, 2008, Plaintiff filed a Complaint alleging causes of action for

5  breach of fiduciary duty, breach of contract and conversion, in the Superior Court of the State of

6  California, County of San Diego, entitled EVERGREEN RESEARCH AND MARKETING, LLC v.

7  DON BARNES, et al., Case Number 37-2008-00055791-CU-BC-NC. Neither Barnes nor Delk have

8  been properly served with the Summons and Complaint. However, copies of the Summons and

9  Complaint were delivered to the Delk office in Tennessee on approximately July 9, 2008. Copies of the

10 Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Assignment from the state court

11 action are attached as Exhibit 1.  See 28 U.S.C. § 1446(a).

## III.    BASES FOR JURISDICTION

13     3.      The state court action is a civil action over which this court has original jurisdiction

14 under 28 U.S.C. §§ 1332 because it is a civil action between citizens of a state and citizens or subjects

15 of a foreign state and the matter in controversy exceeds the sum or value of $75,000, exclusive of

16 interest and costs.  Plaintiff is a citizen of California since, as alleged in the complaint, it is an LLC

17 organized under the laws of California with its principal place of business in Vista, California.

18 (Compl., ¶ 1.)  Defendant Don Barnes is an individual and a citizen of Tennessee.  Defendant Delk

19 Products, Inc. is a corporation incorporated in Tennessee, and its principal place of business is in

20 Nashville, Tennessee.  Larry Kain is an individual and a citizen of Tennessee (see Compl., ¶ 4), and

21 defendant Pinnacle National Bank is a bank incorporated in Tennessee, and its principal place of

22 business is Nashville, Tennessee (see Compl., ¶ 5). As such, complete diversity of citizenship between

23 the Plaintiff and Defendants exists now, and existed at the time the complaint was filed.  In addition, as

24 alleged in the complaint, the matter in controversy exceeds $75,000.  (*See, e.g.*, Compl., ¶¶ 13, 40, 43,

25 64.)

26     4.      The state court action is removable to this court by Defendants pursuant to the

27 provisions of 28 U.S.C. § 1441(b) because, as explained above, no Defendant is a citizen of this state.

28

NOTICE OF REMOVAL OF CIVIL ACTION                  Case No.

1 | Moreover, all Defendants join in the removal of this action. (See Notice of Joinder in Removal of
2 | Action.)

3 | 5.     This removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is
4 | being filed within 30 days of the date that Barnes and Delk received a copy of the Summons and
5 | Complaint (although Barnes and Delk have not been properly served with a copy of the Summons and
6 | Complaint). It is timely filed and otherwise satisfies the procedural requirements of 28 U.S.C. § 1446.

7 | Therefore, Defendants remove the state court action to this court because this court has subject
8 | matter jurisdiction pursuant to 28 U.S.C. § 1332 and the action is removable pursuant to 28 U.S.C. §
9 | 1441(b).  Immediately after filing this Notice of Removal, Defendants will file a copy of this Notice of
10 | Removal with the Clerk of the Court, Superior Court of California, County of San Diego in accordance
11 | with 28 U.S.C. § 1446(d).

12 |

13 | Dated: August 7, 2008                    SELTZER CAPLAN MCMAHON VITEK
                                           A Law Corporation

By: _____
        Monty A. McIntyre, Esq.
        Wes E. Henricksen, Esq.
        Attorneys for Defendants DON BARNES and
        DELK PRODUCTS, INC.

---

3

Exhibit 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DON BARNES, an individual; DELK PRODUCTS, INC.; LARRY
KAIN, an individual; PINNACLE NATIONAL BANK; and DOES 1-20,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EVERGREEN RESEARCH AND MARKETING, LLC,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
NORTH COUNTY DIVISION
2008 JUN 30 PM 2: 59
(1)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court, 325 S. Melrose, Vista, CA 92081 | CASE NUMBER: **2008-00055791-CU-BC-NC**<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd Atkins, 450 B Street, Suite 1430, San Diego, CA 92101, 619-255-2380

| | | | |
|---|---|---|---|
| DATE: **JUN 3 0 2008**<br>*(Fecha)* | Clerk, by **C. Tardiquaa** <br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American Legalnet, Inc. | www.USCourtForms.com

1    TODD C. ATKINS (CASB No. 208879)
     CLARK L. DAVIDSON (CASB No. 215903)
2    **ATKINS & DAVIDSON, APC**
     450 B Street, Suite 1430
3    San Diego, CA 92101
     Telephone: (619) 255-2380
4    Facsimile: (619) 231-4984

5

6    Attorneys for Plaintiff
     EVERGREEN RESEARCH AND MARKETING, LLC

**FILED**
NORTH COUNTY DIVISION

2008 JUN 30 PM 2: 59

(1)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

7

8               SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SAN DIEGO

10

| | |
|---|---|
| 11   EVERGREEN RESEARCH AND<br>12   MARKETING, LLC,<br>                    Plaintiff,<br>13      v.<br>14   DON BARNES, an individual; DELK<br>15   PRODUCTS, INC.; LARRY KAIN, an<br>     individual; PINNACLE NATIONAL BANK;<br>16   and DOES 1-20, inclusive,<br>                    Defendants. | Case No.: ~~37-2008-00055791-CU-BC-NC~~<br><br>**COMPLAINT FOR DAMAGES**<br><br>   1)   BREACH OF FIDUCIARY DUTY<br>   2)   BREACH OF CONTRACT<br>   3)   CONVERSION<br><br>**JURY TRIAL DEMANDED** |

17

18

19      Plaintiff EVERGREEN RESEARCH AND MARKETING, LLC ("Evergreen" or "Plaintiff")

20    complains against Defendants DON BARNES ("Barnes"), an individual; DELK PRODUCTS, INC.

21    ("Delk"); LARRY KAIN ("Kain"), an individual; PINNACLE NATIONAL BANK ("PNB"); and

22    DOES 1-20 (collectively "Defendants") as follows:

23                          **THE PARTIES**

24      1.      Evergreen is a LLC organized under the laws of California with its principal place of

25    business in the City of Vista, County of San Diego, California.

26      2.      Barnes is an individual who resides in Nashville, Tennessee.

27      3.      Delk is a corporation with a principal place of business in Tennessee.

28

COPY

-1-
COMPLAINT FOR DAMAGES

4.     Kain is an individual residing in Tennessee and is an employee of PNB. PNB is responsible for the acts of Kain under the doctrine of Respondeat Superior.

5.     PNB is a federally regulated bank, formerly known as PrimeTrust Bank, located in Nashville, Tennessee.

6.     BetaBake, Inc. ("BetaBake") is a corporation organized under the laws of the State of Maine with offices in California and Tennessee.

## STATEMENT OF FACTS

7.     Evergreen is in the business of importing products for sale to retailers. Evergreen typically sells its products to large national retailers such as Wal-Mart, Dollar General, CVS, Walgreen's, Etc.

8.     Evergreen has been dealing with national retailers for 10 years and been sourcing to China for 10 years as well.

9.     Evergreen creates it own products from start to finish (i.e. engineering the products to packaging design and final point of sale displays).

10.     Rob Albert is the president of Evergreen and has known Barnes for approximately 7 years.

11.     Barnes owns several companies including Delk, TruCo Inc., Meld Trading Company, Wynn I Inc., and Dutch Baked Traditions Inc. ("DBT"). Barnes does business throughout the United States including California.

12.     In or about January 2006, Evergreen identified a house wares company for sale that primarily specialized in cooking items called BetaBake, Inc.

13.     Evergreen believed BetaBake had great potential due to the fact it had a Wal-Mart vendor number and a good working relationship with Wal-Mart.

14.     BetaBake also had a patented product that was a good selling item.

15.     On March 31, 2006, Evergreen (as a LLC) and Barnes (as an individual) purchased BetaBake for the total purchase price of $122,480.00 ($61,240 each).

16.    Following the closing of the transaction, negotiated in California and Maine, Evergreen and Barnes each owned 50% of the outstanding capital stock of BetaBake.

17.    On June 26, 2006, Evergreen and Barnes contributed an additional $18,048.66 ($9,024.33 each) to BetaBake for moving and inventory expenses.

18.    BetaBake's office and its entire existing inventory was located in Maine and needed to be moved.

19.    Evergreen and Barnes chose to move the inventory to Tennessee because it was closer than California.

20.    Evergreen and Barnes agreed that they would split the day to day operations of BetaBake.

21.    Evergreen warehoused all products imported from China at its facilities in Vista, California and negotiated all products with Chinese companies for production.

22.    Evergreen (Rob Albert) flew to Guangzhou China and secured a manufacturer to manufacture existing product for 68% less than Betabake was currently paying.

23.    Evergreen entered into an agreement with a Chinese manufacturing company to guarantee payment for terms given to Betabake, thus establishing an instant credit line for Betabake.

24.    Barnes handled accounting and minimal warehousing and phones from his facilities in Nashville, Tennessee.

25.    Barnes was to establish a bank account where Evergreen and Barnes would have joint signature authorization for the account.

26.    Barnes did not set up an account with joint signature authorization and instead, set up an account where Barnes had total control. Kain and PNB assisted Barnes by allowing him to set up a corporate bank account under the name BetaBank Products, Inc. without insuring that Evergreen, as 50% owner of BetaBake had access to the account and/or approved of Barnes having sole authority. On information and belief, Kain and PNB knew that Barnes was wrongfully setting up the bank account and knew that Barnes intended to exclude Evergreen from access to the corporate bank account.

27.     Betabake continued to sell product into Wal-Mart and other accounts following the purchase of the company by Evergreen and Barnes.

28.     Evergreen and Barnes anticipated gross revenues in excess of $2,000,000 in 2008, based on sales of existing and new BetaBake products to Wal-Mart.

29.     Evergreen and Barnes agreed that BetaBake would only sell BetaBake inventory into Wal-Mart, unless otherwise agreed to by both Evergreen and Barnes.

30.     In October 2006, Evergreen was notified by Barnes that Wal-Mart had terminated their relationship with Barnes' four companies.

31.     On information and belief, the termination by Wal-Mart of Barnes' company's vendor numbers was due to the fact that Barnes was selling poor quality product into Wal-Mart.

32.     In or about January 2007, Evergreen learned that Barnes was using the BetaBake vendor number in order to unload poor quality product owned by Delk and other companies owned by Barnes into Wal-Mart.

33.     Evergreen notified Barnes that it was concerned about this activity given the fact that Barnes had lost all of his vendor numbers with Wal-Mart and did not want Delk product to be sold through the BetaBake.

34.     On March 3, 2007, Barnes notified Evergreen that BetaBake received a letter from Wal-Mart dated February 26, 2007, terminating the BetaBake vendor number and its ability to do business with Wal-Mart and that they were withholding $139,480.43 balance owed to BetaBake until further notice.

35.     The Wal-Mart vendor number is the principal asset of BetaBake. Without the vendor number, Evergreen would never have agreed to purchase BetaBake. Barnes' conduct destroyed the value of BetaBake.

36.     In March 2007, Evergreen asked Don Barnes for all banking records and access to the BetaBake account. In response Barnes sent some incomplete financials.

37.     Evergreen repeatedly requested access to the BetaBake bank account (as originally agreed upon between the parties). These requests were denied by Barnes.

38.     On August 21, 2007, Evergreen sent a letter to PNB (then known as PrimeTrust Bank) (attn: Larry Kain, Executive Vice President) informing them that Evergreen owned 50% of BetaBake and that both the signature of Evergreen and Barnes were required in connection with any activity on the account. Evergreen also requested in a follow up telephone call to PrimeTrust that they produce any banking resolutions required from BetaBake in connection with the opening of the account. Kain and PNB refused to allow Evergreen access to the account opening documents and refused to confirm or deny that the appropriate corporate resolutions were filed.

39.     On August 28, 2007, Don Barnes finally allowed Evergreen limited access to view the bank account.

40.     Upon review of the account Evergreen discovered that on August 13, 2007, Don Barnes had removed $125,000 from the BetaBake account in the form of a payment to Delk (a company wholly owned by Barnes).

41.     On September 7, 2007, Evergreen received a letter from Harwell, Howard, Hyne, Gabbert & Manner, P.C, ("Harwell") counsel for Barnes which stated that Barnes had received a $125,000 distribution from the BetaBake account.

42.     On September 26, 2007, Atkins & Davidson, counsel for Evergreen sent a response letter to Harwell informing them that the distribution to Barnes was unilaterally authorized by Barnes in violation of the Maine Business Corporation Act and demanding that Barnes immediately return the full amount of the unauthorized distribution (in addition to any other amounts that he had removed from the account), so that BetaBake could pay its debts.

43.     In October 2007, Evergreen paid $19,824 on behalf of BetaBake to China Trading for product that had been purchased by BetaBake. Evergreen had guaranteed payment on the account on behalf of BetaBake and was forced to pay this amount in order to prevent China Trading from ending all terms with Evergreen.

-5-
COMPLAINT FOR DAMAGES

44. On October 12, 2007, counsel for Evergreen attorney sent a second letter to counsel for Barnes demanding that the unauthorized distribution be immediately returned to the Betabake account.

45. To date, Barnes has not returned the money to the account and has almost completely depleted the account.

46. On June 6, 2008, after requesting company information Evergreen received a letter from Don Barnes stating that Betabake has not paid taxes and that they had received a notice from the IRS to this effect.

47. Barnes has depleted the account so that there is not sufficient money to pay the BetaBake taxes and has failed to file the corporate tax returns.

48. Barnes and Evergreen agreed to sell lavender and cedar sticks through BetaBake to Wal-Mart with a 25% royalty to go to Evergreen. After the BetaBake vendor number was revoked, Evergreen agreed to sell the lavender and cedar sticks for BetaBake through Evergreen for a 20% commission. Barnes is now refusing to pay the 25% royalty payment and the 20% commission.

### FIRST CAUSE OF ACTION
### Breach of Fiduciary Duty
### (Against Barnes)

49. Plaintiff realleges and incorporates paragraphs 1 – 48 as though fully set forth herein.

50. Barnes and Evergreen purchased BetaBake as 50% shareholders. Barnes owed Evergreen a fiduciary duty with respect to the handling of BetaBake.

51. Barnes breached his fiduciary duty by causing the loss of the BetaBake Wal-Mart vendor number, by selling poor quality product into Wal-Mart using the BetaBake vendor number, by preventing Evergreen access to BetaBake's records and bank account, by unilaterally authorizing distributions out of the BetaBake account for Barnes' benefit, by failing to file the 2007 tax return and by depleting the BetaBake bank account so it could not meet its obligations.

52. As a direct and proximate result of Barnes' breach of fiduciary duty, Evergreen has been damaged in an amount according to proof at trial.

-6-
COMPLAINT FOR DAMAGES

53.    Barnes' actions were undertaken with fraud, malice or oppression, or with a conscious disregard for Evergreen's rights, and, therefore, Evergreen is entitled to an award of exemplary and punitive damages in an amount according to proof.

## SECOND CAUSE OF ACTION

### Breach of Contract

### (Against Barnes)

54.    Plaintiff realleges and incorporates paragraphs 1 – 53 as though fully set forth herein.

55.    Barnes and Evergreen agreed to purchase BetaBake to sell BetaBake product to Wal-Mart through the BetaBake vendor number for the benefit of Evergreen and Barnes as co-owners.

56.    Barnes breached the agreement by using the BetaBake vendor number to sell product from Delk and Barnes' other companies into Wal-Mart. Barnes' use of the BetaBake vendor number in this manner caused Wal-Mart to revoke the BetaBake vendor number.

57.    Evergreen fulfilled all of its obligations pursuant to the agreement.

58.    Barnes also breached the agreement by restricting Evergreen's access to the BetaBank corporate bank account and by taking unauthorized distributions and depleting the BetaBake account so that BetaBake could not meet its obligations.

59.    Barnes also breached the agreement by refusing to pay a 25% royalty fee to Evergreen for the sale of lavender and cedar sticks through BetaBake.

60.    After the loss of the BetaBake vendor number, Evergreen and Barnes agreed to sell lavender and cedar sticks for BetaBake through the Evergreen vendor number. Barnes agreed to pay Evergreen a 20% commission in addition to the 25% royalty fee. Barnes breached this agreement by failing to pay the 20% commission.

61.    As a direct and proximate result of Barnes' breach of the agreement, Evergreen has been damaged in an amount according to proof at trial.

## THIRD CAUSE OF ACTION

### Conversion

### (Against all Defendants)

62.    Plaintiff realleges and incorporates paragraphs 1 – 61 as though fully set forth herein.

63.    Evergreen holds a 50% ownership interest in BetaBake and the BetaBake corporate account.

64.    Barnes wrongfully and without authorization converted $125,000 from the BetaBake corporate account for his personal benefit and the benefit of Barnes' other companies.

65.    PNB and Kain conspired with Barnes to allow Barnes to restrict access to the BetaBake corporate account and to allow Barnes to wrongfully convert BetaBake corporate funds for his personal use.

66.    As a direct and proximate result of Defendant's conversion of BetaBake corporate funds, Evergreen has been damaged in an amount according to proof at trial.

67.    Defendants' actions were undertaken with fraud, malice or oppression, or with a conscious disregard for Evergreen's rights, and, therefore, Evergreen is entitled to an award of exemplary and punitive damages in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF requests relief as follows:

1.    For compensatory damages;

2.    For punitive damages;

3.    For prejudgment interest at the highest lawful rate;

4.    For costs of suit, including reasonable attorneys' fees by agreement or statute; and

5.    For such other and further relief as the court may deem just and proper.

Dated: June 30 2008                          ATKINS & DAVIDSON, APC

                                             TODD C. ATKINS
                                             Attorney for Plaintiff

-8-
COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd C. Atkins, SBN 208879<br>450 B Street, Suite 1430<br>San Diego, CA 92101<br><br>TELEPHONE NO.: 619-255-2380   FAX NO.: 619-231-4984<br>ATTORNEY FOR *(Name):* | FILED<br>NORTH COUNTY DIVISION<br>2008 JUN 30 PM 2: 59<br>(1)<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego, CA
STREET ADDRESS: 325 South Melrose
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Regional Center

CASE NAME:
Evergreen v. Barnes et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2008-00055791-CU-BC-NC |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400–3.403)*
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 30, 2008
TODD ATKINS
*(TYPE OR PRINT NAME)*                 ▶ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**



Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY AND ZIP CODE: Vista, CA 92081 | |
| BRANCH NAME: North County | |
| TELEPHONE NUMBER: (760) 201-8930 | |
| PLAINTIFF(S) / PETITIONER(S): Evergreen Research and Marketing, LLC | |
| DEFENDANT(S) / RESPONDENT(S): Don Barnes et.al. | |

| EVERGREEN RESEARCH AND MARKETING, LLC VS. BARNES | |
|---|---|
| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00055791-CU-BC-NC |

Judge: Thomas P. Nugent                         Department: N-30

COMPLAINT/PETITION FILED: 06/30/2008

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

JS 44 (Rev. 12/07)

## CIVIL COVER SHEET ~~ORIGINAL~~

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
EVERGREEN RESEARCH AND MARKETING, LLC.

**DEFENDANTS**
DON BARNES, an individual; and DELK PRODUCTS, INC.; LARRY KAIN, an individual; PINNACLE NATIONAL BANK; and DOES 1-20, inclusive

FILED
2008 AUG -8 AM 9: 12
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____

'08 CV 1438 WQH WMc

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Todd Atkins, Esq.
Atkins & Davidson, APC
450 B Street, Ste. 1430
San Diego, CA 92101
619-255-2380

Attorneys (If Known)
Monty A. McIntyre (SBN 95796)
Seltzer Caplan McMahon Vitek
750 "B" Street, Suite 2100
San Diego, California 92101
619-685-3003

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Plaintiff alleges breach of fiduciary duty, breach of contrct, and conversion.
Brief description of cause:
28 U.SC. 1332 Diversity

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  8-6-08

SIGNATURE OF ATTORNEY OF RECORD  [signature]

FOR OFFICE USE ONLY
RECEIPT # 153199   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
TAC 8/6/08

CSDJS44

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 153799     — TC

# August 08, 2008
# 09:13:01

## Civ Fil Non-Pris
USAO #.: 08CV1438
Judge..: WILLIAM Q HAYES
Amount.:                    $350.00 CK
Check#.: BC2573

# Total—>  $350.00

FROM: EVERGREEN RESEARCH
      VS.
      DON BARNES/DELK PRODUCTS