```
 1  Callie A. Bjurstrom, State Bar No. 137816
    Caryn M. Anderson, State Bar No. 247038
 2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
    600 West Broadway, Suite 2600
 3  San Diego, California 92101-3372
    Telephone No.: 619.236.1414
 4  Fax No.: 619.232.8311

 5  Attorneys for Defendants Pinnacle National Bank and Larry Kain

 6

 7

 8                     UNITED STATES DISTRICT COURT

 9                    SOUTHERN DISTRICT OF CALIFORNIA

10
```

| | |
|---|---|
| EVERGREEN RESEARCH AND MARKETING, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DON BARNES, an individual; DELK PRODUCTS, INC.; LARRY KAIN, an individual; PINNACLE NATIONAL BANK; and DOES 1-20, inclusive,<br><br>    Defendants. | Case No. 08-CV-1438<br><br>The Hon. William Q. Hayes<br><br>**DEFENDANTS KAIN AND PINNACLE NATIONAL BANK'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(b)**<br><br>Complaint Filed:    June 30, 2008<br><br>Date: September 22, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4<br>**NO ORAL ARGUMENT UNLESS REQUIRED BY COURT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on September 22, 2008 at 11:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of Judge William Q. Hayes located at 940 Front Street, San Diego, California 92101, defendants Larry Kain and Pinnacle National Bank will, and hereby do, move for an order dismissing this action on the ground that the court lacks personal jurisdiction over these defendants.

///

///

///

1  The motion will be based on this Notice of Motion and Motion, the supporting Memorandum
2  of Points and Authorities, the Declaration of Larry Kain, the pleadings, records, and files in this
3  action, and upon all oral and documentary evidence as may be presented at the hearing of this motion.
4
5  DATED: August 13, 2008          LUCE, FORWARD, HAMILTON & SCRIPPS LLP
6
7                                  By:  s/Caryn M. Anderson
                                        Callie A. Bjurstrom
8                                       Caryn M. Anderson
                                        Attorneys for Defendants Pinnacle National Bank and
9                                       Larry Kain
                                        Email: cbjurstrom@luce.com
10                                             canderson@luce.com
11
12  101111327.1

1  Callie A. Bjurstrom, State Bar No. 137816
   Caryn M. Anderson, State Bar No. 247038
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   600 West Broadway, Suite 2600
3  San Diego, California 92101-3372
   Telephone No.: 619.236.1414
4  Fax No.: 619.232.8311

5  Attorneys for Defendants Pinnacle National Bank and Larry Kain

6

7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 | EVERGREEN RESEARCH AND MARKETING, LLC, | Case No. 08-CV-1438 |
|---|---|---|
| 12 | | The Hon. William Q. Hayes |
| 13 | Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANTS KAIN AND PINNACLE NATIONAL BANK'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(b)** |
| 14 | v. | |
| 15 | DON BARNES, an individual; DELK PRODUCTS, INC.; LARRY KAIN, an individual; PINNACLE NATIONAL BANK; and DOES 1-20, inclusive, | |
| 16 | | |
| 17 | Defendants. | Complaint Filed:    June 30, 2008 |
| 18 | | Date: September 22, 2008<br>Time: 11:00 a.m.<br>Courtroom: 4 |
| 19 | | **NO ORAL ARGUMENT UNLESS REQUIRED BY COURT** |
| 20 | | |

21  **I.    INTRODUCTION**

22         Defendant Pinnacle National Bank ("Pinnacle") is an entity incorporated under the laws of

23  Tennessee. All of its offices and headquarters are located in Tennessee. Defendant Larry Kain

24  ("Kain") is a citizen of Tennessee. He does not live or work in California and has no assets

25  whatsoever in California. Yet, seeking to embroil Kain and Pinnacle in its business dispute with

26  Defendant Don Barnes (Barnes), Evergreen Research and Marketing, LLC ("Evergreen") sued Kain

27  and Pinnacle in California court. Kain and Pinnacle timely joined Barnes and defendant Delk

28  Products, Inc.'s Notice of Removal to federal court.

                                          1                              Case No. 08-CV-1438

Now, Pinnacle and Kain bring the instant motion to dismiss under Rule 12(b) because each lacks minimum contacts with California sufficient for this Court to exercise personal jurisdiction over them. For the reasons set forth below, Pinnacle and Kain should be dismissed from this lawsuit.

## II. EVERGREEN'S ALLEGATIONS AGAINST PINNACLE AND KAIN

In its unverified Complaint, Evergreen contends that it and Barnes purchased Betabake, Inc., a Maine corporation ("BetaBank"), in equal shares and moved BetaBake's assets to Tennessee. Complaint, ¶¶ 6, 15, 19, 63. Barnes then handled Betabake's accounting, warehousing and phones from Tennessee. *Id.* at ¶ 24. Evergreen further contends that Barnes was to open a bank account for Betabake requiring joint signature authorization from Barnes and Evergreen. *Id.* at ¶ 25. But instead, Evergreen contends, Barnes set up Betabake's account at Pinnacle solely under his control. *Id.* at ¶ 26. According to the Complaint, a business dispute then ensued between Barnes and Evergreen. *Id.* at ¶¶ 27-37. Evergreen now contends that, in August 2007, Barnes made an unauthorized transfer from the BetaBake account to Defendant Delk Products, Inc. *Id.* at ¶¶ 40-42, 64.

Evergreen contends that Kain is an employee of Pinnacle and that Pinnacle was "formerly known as" PrimeTrust Bank ("PrimeTrust"). *Id.* at ¶¶ 4, 5, 38. Evergreen further contends that Kain and Pinnacle assisted and conspired with Barnes by allowing him to set up the BetaBake account such that Barnes had complete control over it. *Id.* at ¶¶ 4, 26, 65; see *Id.* at ¶ 38. Evergreen asserts that Kain and Pinnacle knew Barnes opened the account under his sole control intending to wrongfully exclude Evergreen from access to the account. *Id.* at ¶ 26. As a result, Evergreen contends, Kain and Pinnacle allowed Barnes to convert BetaBake's corporate funds for Barnes' personal use. *Id.* at ¶ 65. Finally, Evergreen contends that Kain and Pinnacle refused it access to the "account opening documents" and refused to confirm or deny whether the appropriate corporate resolutions were filed. *Id.* at ¶ 38.

Notably, Evergreen concedes that both Kain and Barnes are individuals residing in Tennessee and that Pinnacle is "located in" Tennessee. *Id.* at ¶¶ 2, 4, 5.

///
///
///

### III. PINNACLE AND KAIN LACK MINIMUM CONTACTS WITH CALIFORNIA SUFFICIENT FOR THIS COURT TO EXERCISE JURISDICTION OVER THEM

"Although the defendant is the moving party on a motion to dismiss, the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Unless the facts establishing jurisdiction are admitted, admissible evidence is required. See *Data Disc, Inc. v. Systems Tech. Assocs., Inc.* 557 F.2d 1280, 1289, n.5 (9th Cir. 1977). The truth of allegations in a pleading which are contradicted by affidavit cannot be assumed. *Id.* Here, Evergreen cannot meet this burden.

As this case was removed from a California court, the district court has personal jurisdiction over Kain and Pinnacle only if the California court would have had such jurisdiction. *Aanestad v. Beech Aircraft Corp.*, 521 F.2d 1298, 1300 (9th Cir. 1974). California's long-arm statute authorizes California courts to exercise jurisdiction on any basis not inconsistent with the Constitution of the United States or the Constitution of California. *Id.*; Cal. Code Civ. Proc. § 410.10. Therefore, the only issue to be resolved here is whether an exercise of jurisdiction by a California court would violate the Due Process Clause of the Fourteenth Amendment. *Aanestad*, 521 F.2d at 1300.

Generally, due process requires that the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A state may not exercise personal jurisdiction over an individual or corporate defendant with whom the state has no contacts, ties or relations. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980).

Personal jurisdiction may be either general or specific. A nonresident defendant may be subject to the general jurisdiction of a forum if his or her contacts in the forum state are "substantial ... continuous and systematic." *Perkins v. Benguet Mining Co.*, 342 U.S. 437, 445, 446 (1952). In such a case, it is not necessary that the specific cause of action alleged be connected with the defendant's activities in the forum. *Id.* at 445. For general jurisdiction to exist, the contacts must be so wide-ranging that they take the place of physical presence in the forum as a basis for jurisdiction. See *Burnham v. Superior Court*, 495 U.S. 604, 618 (1990). But, even if a defendant is engaged in continuous and systematic business in a forum, due process requires that the exercise of jurisdiction in

1 the particular case be *reasonable*. *Amoco Egypt Oil Co. v Leonis navigation Co., Inc.* 1 F.3d 848, 851, n.2 (9th Cir. 1993).

In the absence of general jurisdiction, a defendant may still be subject to specific jurisdiction. A forum has specific jurisdiction over a defendant only if plaintiff's claims arise out of or result from defendant's forum related activities, the defendant purposefully directed its activities toward residents of the forum or availed itself of the forum benefits, and the exercise of jurisdiction would be reasonable, meaning it would comport with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *Helicopteros,* 466 U.S. at 414.

That injury in the forum state is foreseeable is not alone sufficient to establish that a defendant purposefully availed himself of the benefits of the forum. *World-Wide Volkswagen,* 444 U.S. at 295. Rather, "the foreseeability that is critical to due process analysis is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.* at 297. Further, unilateral acts by a plaintiff or other persons over whom the nonresident defendant has no control do not alone satisfy the purposeful availment requirement. *Helicopteros,* U.S. at 417.

### A. Plaintiff Cannot Meet its Burden of Establishing the Necessary Jurisdictional Criteria as to Pinnacle

Evergreen contends that Pinnacle was "formerly known as" PrimeTrust Bank, thereby apparently contending that Pinnacle is liable for the alleged acts of PrimeTrust as its successor.[1] Complaint, ¶¶ 5, 38. A corporation's contacts with the forum may be imputed to its successor if forum law would hold the successor liable for the actions of its predecessor. *Williams v. Bowman Livestock Equip. Co.* 927 F.2d 1128, 1132 (10th Cir. 1191). California courts have personal jurisdiction over a successor company only if: "(1) the court would have had personal jurisdiction over the predecessor, and (2) the successor company effectively assumed the subject liabilities of the predecessor." *CenterPoint Energy, Inc. v. Superior Court,* 157 Cal.App.4th 1101, 1120 (2007). To meet its burden, Evergreen must establish that both of these jurisdictional criteria are met here.

---

[1] Pinnacle neither admits nor denies any successor liability related to PrimeTrust Bank.

### 1. The Court Would Not Have Had Personal Jurisdiction Over PrimeTrust

PrimeTrust was incorporated under the laws of Tennessee. Kain Decl. ¶ 8. Its headquarters and all of its business offices were located in Tennessee. Kain Decl. ¶ 9. PrimeTrust never had any subsidiary, affiliate or parent company in California. Kain Decl. ¶ 9. PrimeTrust did not perform services in California nor did it ever close sales in California. Kain Decl. ¶ 10. PrimeTrust did not solicit business in California through salespersons or through advertising directed to California residents. Kain Decl. ¶ 11. PrimeTrust had no interests in property and owned no property located in California. Kain Decl. ¶ 12. PrimeTrust had no bank accounts, employees or directors located in California. Kain Decl. ¶ 12. Further, PrimeTrust never applied to California's Secretary of State for qualification to conduct business in California and never had a registered agent for service of process in California. Kain Decl. ¶ 13. PrimeTrust was not required to pay California sales or income tax. Kain Decl. ¶ 13.

Moreover, the BetaBake account was opened by Barnes, a Tennessee resident, at PrimeTrust's office in Brentwood, Tennessee. Complaint, ¶ 2; Kain Decl. ¶ 14. In fact, the only alleged contact PrimeTrust ever had with Evergreen was when *Evergreen* contacted PrimeTrust regarding the BetaBake account in August 2007. Complaint, ¶ 38.

Consequently, there should be no question that PrimeTrust is not subject to general personal jurisdiction in California. PrimeTrust simply opened a bank account in Tennessee for a customer who was a Tennessee resident and who happened to show up on its doorstep. Therefore, PrimeTrust lacked any contact with California, let alone contact that was substantial, continuous and systematic supporting general jurisdiction.

Further, the exercise of specific personal jurisdiction over PrimeTrust would not comport with traditional notions of fair play and substantial justice. PrimeTrust neither directed activities at California residents, purposefully derived benefit from forum activities, nor purposefully availed itself of the privilege of conducting activities within California. PrimeTrust never deliberately engaged in significant activities within California. The unilateral act of an individual opening an account at its bank simply cannot establish that PrimeTrust purposefully directed its activities towards California

///

residents. Consequently, it would not be reasonable to require PrimeTrust to submit to the burdens of litigation in California.

### 2. Evergreen Must Establish Pinnacle's Successor Liability

Even if Evergreen could establish that PrimeTrust had minimum contacts with California such that exercising personal jurisdiction over it would have been proper, Evergreen must still establish that Pinnacle is liable as a successor for PrimeTrust's alleged acts. A "successor company has liability for a predecessor's actions if: (1) the successor expressly or impliedly agrees to assume the subject liabilities (which has never been argued here respecting the unregulated businesses), (2) the transaction amounts to a consolidation or merger of the successor and the predecessor, (3) the successor is a mere continuation of the predecessor, or (4) the transfer of assets to the successor is for the fraudulent purpose of escaping liability for the predecessor's debts." *CenterPoint Energy*, 157 Cal.App.4th at 1120.

Here, the only allegations as to Pinnacle's successor liability is that Pinnacle was "formerly known as" PrimeTrust. Complaint, ¶¶ 5, 38. Such an unverified allegation is woefully inadequate to establish personal jurisdiction over Pinnacle as PrimeTrust's successor.

### 3. There is no Independent Basis to Exercise Jurisdiction over Pinnacle

Finally, Evergreen cannot show any independent basis on which to establish personal jurisdiction over Pinnacle. For instance, Pinnacle is incorporated under the laws of Tennessee. Kain Decl. ¶ 2. Its headquarters and all of its business offices are located in Tennessee. Kain Decl. ¶ 3. Pinnacle does not have, and never has had, any subsidiaries, affiliates or parent companies in California. Kain Decl. ¶ 3. Pinnacle does not solicit business in California through salespersons or through advertising directed to California residents. Kain Decl. ¶ 5. Pinnacle is not required to pay California sales or income tax. Kain Decl. ¶ 7. Further, Pinnacle has never applied to California's Secretary of State for qualification to conduct business in California and does not have a registered agent for service of process in California. Kain Decl. ¶ 7.

Pinnacle holds two mortgages on California properties. Kain Decl. ¶ 4. These mortgages were given in 2005 and 2006, before Pinnacle's acquisition of PrimeTrust. Kain Decl. ¶ 4. Both mortgagors were introduced to Pinnacle by their professional agent, who was then located in

1  Tennessee. Kain Decl. ¶ 4. Neither these mortgagors nor their loans have any known relationship to
2  the allegations in the Complaint. Kain Decl. ¶ 4. Otherwise, Pinnacle has no interest in any property
3  located in California and has no bank accounts, employees or directors located in California. Kain
4  Decl. ¶ 4.

   Therefore, Pinnacle's only contacts with California cannot fairly be described as substantial, continuous or systematic such that they could take the place of Pinnacle's physical presence in the forum as a basis for jurisdiction. Rather, they are simply remote and isolated transactions that occurred long ago. Consequently, Pinnacle should not be subject to general jurisdiction.

   Further, these two isolated transactions are in no way related to the allegations in the Complaint. Nor can it be said that the allegations in the Complaint arise out of these transactions. Consequently, the Court should not exercise specific jurisdiction over Pinnacle. Pinnacle's connection with California is too minimal for it to reasonably anticipate being haled into court there and it is not reasonable to subject it to the burdens of litigation in California. Therefore, Pinnacle should be dismissed from this action.

   **B.  Kain Lacks Contacts with California Sufficient for the Court to Exercise Jurisdiction Over Him**

   Each defendant's contacts with the forum state must be assessed individually. *Calder v. Jones*, 465 U.S. 783, 790 (1984). Consequently, personal jurisdiction over a foreign corporation does not automatically confer personal jurisdiction over its nonresident officers, directors or employees. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 784 (1984). Therefore, even in the highly unlikely event the Court found jurisdiction over Pinnacle, Kain's California contacts must still be individually assessed to determine whether this Court may exercise jurisdiction over Kain as an individual.

   Further, a nonresident individual cannot be subject to personal jurisdiction based solely upon acts in the forum state undertaken in his or her corporate capacity. See *Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 784 (11th Cir. 2004).

   Here, Kain is a citizen of Tennessee and has been a citizen of Tennessee his entire life, except for a short time to attend college during which time he resided in Alabama. Kain Decl. ¶ 16. Kain is employed in Tennessee, not California. Kain Decl. ¶ 1. Kain is not required to pay California income

tax. Kain Decl. ¶ 17. Kain has no California licenses, driver's or professional. Kain Decl. ¶ 17. He is not a party to any other California lawsuits. Kain Decl. ¶ 18. Kain neither owns nor rents any California property. Kain Decl. ¶ 19. Further, Kain owns no assets located in California, such as bank accounts, personal property, vehicles, etc. Kain Decl. ¶ 19. Additionally, Kain has never even been to California, for either business or pleasure. Kain Decl. ¶ 20.

Moreover, Kain was not personally involved with the opening of the BetaBank account and had no information regarding any other party's purported interest in the account, including any interest in joint signature authorization. Kain Decl. ¶ 15.

Consequently, there should also be no question that Kain is not subject to general personal jurisdiction in California. He simply lacks any contact with California at all, let alone contact that has been substantial, continuous and systematic.

Further, the exercise of specific personal jurisdiction over Kain would not comport with traditional notions of fair play and substantial justice. Kain has not personally directed activities at California residents, purposefully derived benefit from forum activities, nor purposefully availed himself of the privilege of conducting activities within California. Kain never deliberately engaged in significant activities within California. Rather, he has conducted no business in California on which to base specific personal jurisdiction. Consequently, it would not be reasonable to require Kain to submit to the burdens of litigation in California.

## IV. CONCLUSION

For the foregoing reasons, neither Pinnacle nor Kain are subject to personal jurisdiction in this Court. Therefore, this motion should be granted as to both of them and the case dismissed.

DATED: August 13, 2008         LUCE, FORWARD, HAMILTON & SCRIPPS LLP


By:  s/Caryn M. Anderson
     Callie A. Bjurstrom
     Caryn M. Anderson
     Attorneys for Defendants Pinnacle National Bank and
     Larry Kain
     Email: cbjurstrom@luce.com
            canderson@luce.com

101111374.1

1  Callie A. Bjurstrom, State Bar No. 137816
   Caryn M. Anderson, State Bar No. 247038
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   600 West Broadway, Suite 2600
3  San Diego, California 92101-3372
   Telephone No.: 619.236.1414
4  Fax No.: 619.232.8311

5  Attorneys for Defendants Pinnacle National Bank and Larry Kain

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 | EVERGREEN RESEARCH AND MARKETING, LLC, | Case No. 08-CV-1438
12 |                                         | The Hon. William Q. Hayes
13 |     Plaintiff,                          | 
   |                                         | **LARRY KAIN'S DECLARATION IN SUPPORT OF DEFENDANTS KAIN AND PINNACLE NATIONAL BANK'S RULE 12(b) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
14 | v.                                      |
15 | DON BARNES, an individual; DELK PRODUCTS, INC.; LARRY KAIN, an individual; PINNACLE NATIONAL BANK; and DOES 1-20, inclusive, |
16 |                                         | Complaint Filed:  June 30, 2008
17 |     Defendants.                         | Date: September 22, 2008
   |                                         | Time: 11:00 a.m.
18 |                                         | Courtroom: 4
   |                                         | **NO ORAL ARGUMENT UNLESS REQUIRED BY COURT**

20     I, Larry Kain, declare and state as follows:

21     1.   I am currently employed in Tennessee by Pinnacle National Bank ("Pinnacle") as a Senior Vice President and have been so employed since November 2007. From October 2004 until my current employment, I was employed in Tennessee by PrimeTrust Bank ("PrimeTrust") as an Executive Vice President. Except as noted below, all the facts in this declaration are personally known to me and if called upon to do so, I am competent to testify to such facts.

26     2.   Pinnacle is incorporated under the laws of Tennessee.

27  / / /

28  / / /

3.  Pinnacle's headquarters and all of its business offices are located in Tennessee. Pinnacle does not now have, nor has it ever had, any subsidiaries, affiliates or parent companies located in California.

4.  Once in October 2005 and once in May 2006, Pinnacle issued a loan secured by a mortgage on a California residence. I am informed and believe that the mortgagors were both introduced to PrimeTrust by their mutual professional agent, who was then located in Tennessee. To my knowledge, neither these loans, the mortgagors' agent, nor the mortgagors have any relationship to the allegations in the Complaint. Otherwise, Pinnacle does not perform services in California and has never closed sales for any of its services in California.

5.  Pinnacle does not now, nor has it ever, solicited business in California through salespersons or through advertising directed to California residents.

6.  Other than the two mortgages on California residences mentioned above, Pinnacle has no interest in any property located in California. Further, Pinnacle has no bank accounts, employees, or directors located in California.

7.  Pinnacle has not applied to California's Secretary of State for qualification to conduct business in California as a foreign corporation. It has no registered agent for service of process in California. Further, Pinnacle is not required to pay sales or income taxes in California.

8.  PrimeTrust was incorporated under the laws of Tennessee.

9.  Until its acquisition by Pinnacle in November 2007, PrimeTrust's headquarters and all of its business offices were located in Tennessee. PrimeTrust never had any subsidiaries, affiliates or parent companies located in California.

10. PrimeTrust never performed services or closed sales for any of its services in California.

11. PrimeTrust did not solicit business in California, through salespersons or through advertising directed to California residents.

12. PrimeTrust had no interests in property and owned no property located in California. Further, PrimeTrust had no bank accounts, employees, or directors located in California.

///

13. PrimeTrust never applied to California's Secretary of State for qualification to conduct business in California as a foreign corporation. PrimeTrust never had a registered agent for service of process in California. Additionally, PrimeTrust was never required to pay California sales or income taxes.

14. I have personally reviewed Pinnacle's files and documentation regarding the opening of an account for BetaBake, Inc. These files indicate that, in April 2006, Don Barnes opened the account at PrimeTrust's office located at 4930 Thoroughbred Lane, Brentwood, Tennessee.

15. I was not personally involved with Mr. Barnes opening the PrimeTrust account for BetaBank, Inc. and had no knowledge of any other party's purported interest in the account, including any interest in joint signature authorization.

16. I am a citizen of Tennessee and have been so all my life, except for when I attended college, during which time I was a resident of Alabama.

17. I am not, and have never been, required to pay California income tax. Further, I have no California licenses, either driver's or professional.

18. I am not now, nor have I ever been, a party to any other litigation in California.

19. I neither own nor rent property in California. Further, I own no assets in California such as bank accounts, personal property, vehicles, etc.

20. I have never been to California, either for business or for pleasure.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this __11__ day of August, 2008 in Nashville, Tennessee.

_____
Larry Kain

101111316.1

Callie A. Bjurstrom, State Bar No. 137816
Caryn M. Anderson, State Bar No. 247038
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for Defendants Pinnacle National Bank and Larry Kain

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERGREEN RESEARCH AND MARKETING, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DON BARNES, an individual; DELK PRODUCTS, INC.; LARRY KAIN, an individual; PINNACLE NATIONAL BANK; and DOES 1-20, inclusive,<br><br>　　　　Defendants. | Case No. 08-CV-1438<br><br>**PROOF OF SERVICE**<br><br>Complaint Filed:　　June 30, 2008<br><br>Judge:　　Hon. William Q. Hayes<br>Courtroom:　　4 |

I declare as follows:

I am an attorney with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372. I am a member of the bar of this court, over the age of eighteen years and not a party to this action.

On August 13, 2008, I caused the following to be served:

1. **DEFENDANTS KAIN AND PINNACLE NATIONAL BANK'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(b);**

2. **MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANTS KAIN AND PINNACLE NATIONAL BANK'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(b);**

/ / /

3. **LARRY KAIN'S DECLARATION IN SUPPORT OF DEFENDANTS KAIN AND PINNACLE NATIONAL BANK'S RULE 12(b) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Caryn M Anderson**
  canderson@luce.com,lhernandez@luce.com

- **Todd Christopher Atkins**
  tatkins@atkinsdavidson.com

- **Callie A Bjurstrom**
  cbjurstrom@luce.com,bblock@luce.com

- **Wes Evan Henricksen**
  henricksen@scmv.com,quayle@scmv.com

- **Monty A McIntyre**
  mcintyre@scmv.com,stanton@scmv.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

I declare that I am employed in the office at whose direction the service was made.

Executed at San Diego, California on August 13, 2008.

s/Caryn M. Anderson
Attorneys for Defendants Pinnacle National Bank and Larry Kain
Email: canderson@luce.com

101111705.2

2                                       Case No. 08-CV-1438