Monty A. McIntyre, Esq. (SBN 95796)
Wes E. Henricksen, Esq. (SBN 246712)
SELTZER CAPLAN MCMAHON VITEK
A Law Corporation
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone:   (619) 685-3003; Facsimile: (619) 685-3100
mcintyre@scmv.com; whenricksen@scmv.com

Attorneys for Defendants DON BARNES and DELK PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERGREEN RESEARCH AND MARKETING, LLC,<br><br>            Plaintiff,<br><br>   vs.<br><br>DON BARNES, an individual; and DELK PRODUCTS, INC.; LARRY KAIN, an individual; PINNACLE NATIONAL BANK; and DOES 1-20, inclusive,<br><br>            Defendants. | CASE NO. 08-cv-1438 WQH WMc<br><br>**FIRST AMENDED NOTICE OF MOTION AND MOTION BY DEFENDANT DON BARNES FOR AN ORDER REQUIRING PLAINTIFF TO PROVIDE SECURITY FOR COSTS AND FEES**<br><br>DATE:      October 6, 2008<br>TIME:      11 a.m.<br>JUDGE:    Hon. William Q. Hayes<br>DEPT      Courtroom 4<br>COMPLAINT FILED:  June 30, 2008<br>TRIAL DATE:           Not Yet Set |

**TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 6, 2008, at 11 a.m.**,** or as soon thereafter as counsel can be heard, in Courtroom 4, of the above-entitled court, located at 940 Front Street, San Diego, California 92101, Defendant DON BARNES will, and hereby does, move the court for an order requiring Plaintiff to provide $50,000 security for Defendant's costs and attorney's fees in this action.

This motion is made under section 800(c) of the California Corporations Code on the ground that there is no reasonable possibility that the prosecution of at least one of Plaintiff's

1 causes of action in this suit will benefit the corporation BetaBake Products, Inc. or its
2 shareholders.
3    The motion will be based on this notice of motion and motion, the attached declarations
4 of Monty A. McIntyre and Don Barnes, the attached memorandum of points and authorities,
5 the pleadings and records on file in this action, and such oral and documentary evidence as
6 may be presented at the hearing.

Dated: August 14, 2008            SELTZER CAPLAN McMAHON VITEK
                                  A Law Corporation

                                  By:   /s/  Monty A. McIntyre

                                        Monty A. McIntyre
                                        Wes E. Henricksen
                                  Attorneys for Defendant DON BARNES

1  Monty A. McIntyre, Esq. (SBN 95796)
2  Wes E. Henricksen, Esq. (SBN 246712)
   SELTZER CAPLAN MCMAHON VITEK
3  A Law Corporation
   750 B Street, 2100 Symphony Towers
4  San Diego, California 92101-8177
5  Telephone:   (619) 685-3003; Facsimile: (619) 685-3100
   mcintyre@scmv.com; whenricksen@scmv.com
6
7  Attorneys for Defendants DON BARNES and DELK PRODUCTS, INC.

8                       **UNITED STATES DISTRICT COURT**
9                       **SOUTHERN DISTRICT OF CALIFORNIA**

10

| EVERGREEN RESEARCH AND MARKETING, LLC, | ) CASE NO.  08-cv-1438 WQH WMc |
|---|---|
| Plaintiff, | ) **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DON BARNES' MOTION FOR AN ORDER REQUIRING PLAINTIFF TO PROVIDE SECURITY FOR COSTS AND FEES** |
| vs. | |
| DON BARNES, an individual; and DELK PRODUCTS, INC.; LARRY KAIN, an individual; PINNACLE NATIONAL BANK; and DOES 1-20, inclusive, | ) DATE:       October 6, 2008<br>) TIME:       11 a.m.<br>) JUDGE:      Hon. William Q. Hayes<br>) DEPT:       Courtroom 4<br>) COMPLAINT FILED:  June 30, 2008<br>) TRIAL DATE:       Not Yet Set |
| Defendants. | |

        Defendant DON BARNES ("Barnes") respectfully submits the following points and authorities in support of his motion for an order requiring Plaintiff EVERGREEN RESEARCH AND MARKETING, LLC ("Evergreen") to provide security for Defendant's costs and attorney's fees in this action.

/ / /

/ / /

## I.

## **INTRODUCTION**

Barnes seeks an order from this Court, under California Corporations Code § 800(c), requiring Evergreen to provide $50,000 in security for Barnes' costs and attorney's fees. A corporation, or a defendant who is an officer or director of the corporation, can obtain a $50,000 security when a plaintiff brings derivative claims against a corporation. (*Id.*) This motion may properly be made to this Court under Federal diversity jurisdiction. (*Koster v. Warren* 297 F.2d 418, 419 (9th Cir. 1961).)

Evergreen, a 50 percent shareholder of a corporation called BetaBake Products, Inc. ("BetaBake"), has sued the other 50 percent shareholder Barnes, essentially claiming that the alleged wrongful acts of Barnes decreased the value of Evergreen's stock by reducing corporate assets. Evergreen also sued Delk Products, Inc. ("Delk"), essentially claiming that Delk and Barnes converted money from BetaBake, decreasing the value of Evergreen's BetaBake stock by reducing BetaBake corporate assets.

In California, "a shareholder cannot bring a direct action for damages against management on the theory their alleged wrongdoing decreased the value of his or her stock (e.g., by reducing corporate assets and net worth). The corporation itself must bring such an action, or a derivative suit may be brought on the corporation's behalf." (Friedman, Cal. Practice Guide: Corporations, supra, ¶ 6:601.1, p. 6-128.1, citing *Sutter v. General Petroleum Corp.* (1946) 28 Cal.2d 525, 529-530, 170 P.2d 898, *O'Hare v. Marine Electric Co.* (1964) 229 Cal.App.2d 33, 36-37, 39 Cal.Rptr. 799.) An action is derivative if "the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance of distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets." (*Jones v. H.F. Ahmanson & Co.* (1969) 1 Cal.3d 93, 106-107.)

BetaBake is not bringing this action, and Evergreen cannot bring a direct action in this case. Evergreen's action is derivative, Evergreen has sued BetaBake's officer and director

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF          Case No. 08-cv-1438 WQH WMc
MOTION FOR SECURITY

Barnes, and this Court should compel Evergreen to file a $50,000 security as required by California Corporations Code § 800(c).

## II.

## ARGUMENT

**A.  THE MOTION FOR SECURITY IS TIMELY FILED.**

A motion for security may be made at any time within 30 days after service of summons on a moving defendant, and must be noticed. (Corp. Code, § 800(c).) Barnes, an officer of BetaBake, is a named defendant. (Declaration of Don Barnes, Exhibit 2, ¶ 2.) Barnes has not yet been served, as discussed below.

The action was originally filed in the California state court on June 30, 2008. The action was removed to the Federal court on August 8, 2008. In a removed action, the sufficiency of service prior to removal from the state court is determined under state law. (*Lee v. City of Beaumont* (9th Cir. 1993) 12 F.3d 933, 936-937.) Under California law, to date Barnes has not been personally served with the summons and complaint, nor has he been served in any other authorized manner.

A copy of the summons and complaint was delivered to the Delk offices on approximately July 9, 2008. The summons and complaint was not personally delivered to Mr. Barnes that day.[1] (Declaration of Monty A. McIntyre, Exhibit 1, ¶ 2.) The delivery of the summons and complaint to the Delk office on July 9th did not constitute personal service. (Code of Civil Procedure § 415.10.) Later, a copy of the summons and complaint was mailed to the Delk offices on approximately August 7, 2008. (Declaration of Monty A. McIntyre, Exhibit 1, ¶ 2.) The mailing of the summons and complaint could possibly constitute service, but under the applicable California rules service in this manner would not be deemed to be complete until ten days after the summons and complaint were mailed. (Code of Civil Procedure §§ 415.20(a), 415.40.) Applying California law to these facts, the earliest possible date that service of the summons and complaint could be deemed complete is August 17, 2008.

---

[1] On July 9th, the summons and complaint was not personally delivered to a person authorized to accept service on behalf of Delk.

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF              Case No. 08-cv-1438 WQH WMc
MOTION FOR SECURITY

1  This motion for security is timely filed under Corporations Code § 800(c) because
2 Barnes has not yet been served with the summons and complaint in accordance with California
3 law. (Declaration of Monty A. McIntyre, Exhibit 1, ¶ 2.)

**B.  THE PROCEDURE AND LEGAL STANDARD TO OBTAIN SECURITY.**

A corporation, or a defendant who is an officer or director of the corporation, can obtain a $50,000 security when a plaintiff brings derivative claims against a corporation. (Corp. Code, § 800.) The moving defendant on a motion for security bears the burden of establishing a probability in support of any of the grounds on which it is based (Corp. Code, § 800(d); see also *Burt v. Irvine Co.* (1965) 237 Cal.App.2d 828, 868), but this showing need be made *as to only one cause of action*. (*Bailey v. Fosca Oil Co.* (1960) 180 Cal.App.2d 289, 296-297.)

The motion can be made on either or both of the following grounds:  (1) there is no reasonable possibility that the suit will benefit the corporation or its shareholders; or (2) the moving defendant, if an individual, did not participate in the transaction complained of in any capacity.  (Corp. Code, § 800(c).)

The moving defendant may present evidence in the form of written affidavits or oral testimony.  (Corp. Code, § 800(d).)  The evidence should address the issues of whether the statutory grounds for the motion exist, and the amount of the probable reasonable expenses of the defendant, including attorney's fees.  (*Id.*)  As demonstrated below, in this case Barnes need not present any evidence to meet his burden. Evergreen's complaint, by its own terms, proves that there is no reasonable possibility that at least one (or more) of the causes of action will benefit BetaBake.

If the Court, after hearing, determines that the moving party has established a probability in support of any of the grounds for the motion as to any cause of action, it must fix the nature and amount of the security to be furnished by the plaintiff, and a reasonable time in which to comply.  The question for the Court is whether, regardless of plaintiff's motive in instituting the action, there is or is not a probability of benefit to the corporation as to one of the causes of action. (See *Beyerbach v. Juno Oil Co.* (1954) 42 Cal.2d 11, 25.)

      The security is to be given for the defendants' reasonable expenses in defending the action, including attorney's fees. The aggregate for all defendants may not exceed $50,000. (Corp. Code, § 800(d).) The type of security to be furnished by the plaintiff is not specified by statute. That matter is in the sound discretion of the trial court. (*Beyerbach, supra*, 42 Cal.2d at 27.)

      It is important to note that an order requiring the plaintiff to post security, although potentially addressing the possibility of the plaintiff's success in the suit, is not a determination of any issue in the action or of the merits of the action. (Corp. Code, § 800(d).)

      If the Court determines that a bond shall be furnished by the plaintiff as to any one or more defendants, the action shall be dismissed as to the defendant or defendants unless the required bond is furnished within the time fixed by the court. (Corp. Code, § 800(d).)

**C.**     <u>**FILING THE MOTION STAYS THE ACTION AND PLAINTIFF'S DISCOVERY, BUT NOT DISCOVERY BY DEFENDANTS.**</u>

      The filing of the motion automatically stays the proceedings until 10 days after the motion is disposed of. (Corp. Code, § 800(e).) This provision has been interpreted to mean that, if the motion is granted, the stay is not lifted until 10 days after the plaintiff actually files the security. (*Melancon v. Superior Court* (1954) 42 Cal.2d 698, 703-708.) During the time the stay is in effect, *neither the moving defendant, nor any other defendant in the action, is required to file an answer or any other pleading.* (Corp. Code § 800(f).) As a result of the stay, defendants Barnes and Delk are not required to file an answer to the complaint or a motion attacking the Complaint until 10 days after the motion for security is disposed of.[2] Moreover, plaintiff may not proceed with discovery during the stay, although the defendants may. (*Melancon, supra,* 42 Cal.2d at 707-708.)

/ / /

/ / /

/ / /

---

[2] Barnes and Delk reserve all potential challenges to the Complaint.

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF    Case No. 08-cv-1438 WQH WMc
MOTION FOR SECURITY

## D. EVERGREEN ALLEGES DERIVATIVE CLAIMS ON BEHALF OF THE CORPORATION.

Evergreen does not expressly allege that it brings derivative claims, but the clear gravamen of Evergreen's complaint is alleged injury to the corporation and alleged dissipation of the corporate assets. Examples of such allegations include the following:

- "The Wal-Mart vendor number is the principal asset of BetaBake. Without the vendor number, Evergreen would never have agreed to purchase BetaBake. Barnes' conduct destroyed the value of BetaBake." (Complaint, ¶ 35.)
- "[E]vergreen discovered that on August 13, 2007, Don Barnes had removed $125,000 from the BetaBake account in the form of a payment to Delk (a company wholly owned by Barnes). (Complaint, ¶ 40.)
- "Barnes has depleted the account so that there is not sufficient money to pay the BetaBake taxes and has failed to file the corporate tax returns." (Complaint, ¶ 47.)
- "Barnes has breached his fiduciary duty by causing the loss of the BetaBake Wal-Mart vendor number, by selling poor quality product into Wal-Mart using the BetaBake vendor number, by preventing Evergreen access to BetaBake's records and bank account, by unilaterally authorizing distributions out of the BetaBake account for Barnes' benefit, by failing to file the 2007 tax return and by depleting the BetaBake bank account so it could not meet its obligations. (Complaint, ¶ 51.)

California Courts have long held that an action is derivative if "the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance of distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets." (*Schuster v. Gardner* (2005) 127 Cal.App.4th 305, 313 [quoting *Jones v. H.F. Ahmanson & Co.* (1969) 1 Cal.3d 93, 106-107].) As a matter of law, Evergreen's breach of fiduciary duty cause of action is derivative in nature. (See *Avikian v. WTC Financial Corp.* (2002) 98 Cal.App.4th 1108, 1111-1115; *Schuster v. Gardner, supra,* 127 Cal.App.4th at 313-315.) Moreover, Evergreen's complaint is derivative because the gravamen of the complaint is injury to BetaBake.

///

///

## E. THERE IS NO REASONABLE POSSIBILITY THAT ONE OF EVERGREEN'S CAUSES OF ACTION WILL BENEFIT THE CORPORATION.

### 1. On Its face, Evergreen's Complaint Satisfies Defendant's Slight Burden.

There is no reasonable possibility that one (or more) of the causes of action will benefit BetaBake or its shareholders. (Corp. Code, § 800(c)(1).) This showing need be made *as to only one cause of action*. (*Bailey v. Fosca Oil Co.* (1960) 180 Cal.App.2d 289, 296-297.)

The first cause of action for breach of fiduciary duty against Barnes shows there is no reasonable possibility that the complaint will benefit BetaBake. While Evergreen alleges mismanagement and dissipation of BetaBake assets, the cause of action does not seek to return any funds or assets to BetaBake. Instead, Evergreen seeks to benefit only Evergreen because this cause of action seeks payment of compensatory and punitive damages directly to Evergreen. (Complaint, ¶¶ 52-53.) BetaBake cannot possibly benefit if it will not recover any funds or assets. Moreover, since BetaBake has two shareholders (Barnes and Evergreen), its shareholders cannot possibly benefit if BetaBake assets are delivered to only one of the two shareholders.

The second cause of action likewise shows there is no reasonable possibility that the complaint will benefit BetaBake. Although Evergreen labeled the second cause of action "breach of contract" Evergreen also alleges mismanagement and dissipation of BetaBake assets.[3] Again, Evergreen does not seek the return of any funds or assets BetaBake. Evergreen seeks damages only for itself. (Complaint, ¶ 61.) BetaBake cannot possibly benefit if it will not recover any funds or assets. Nor will the shareholders of BetaBake benefit if damages are awarded to one shareholder to the exclusion of the other shareholder.

Finally, the third cause of action for conversion also shows no reasonable possibility of benefit to BetaBake. Evergreen alleges that Barnes, Delk and other defendants conspired to

---

[3] With regard to the allegations in paragraphs 59 and 60, Evergreen is referring to its own contract with BetaBake regarding the sales of lavender and cedar sticks developed by Evergreen. Evergreen's cause of action is properly against BetaBake, the other party to the contract, not against Barnes in his capacity as BetaBake's president. Clearly, Evergreen's cause of action *against* BetaBake can have no benefit to BetaBake.

convert BetaBake funds for Barnes' personal use or the use of Delk. But Evergreen seeks damages for itself, only, including punitive damages. (Compliant, ¶¶ 66-67.) On its face, the conversion cause of action is not intended to benefit BetaBake in any way.

None of the causes of action alleged will benefit BetaBake. Because Barnes need only show that there will be no benefit to BetaBake as to *one* cause of action (*Bailey v. Fosca Oil Co.*, *supra*, 180 Cal.App.2d at 296-297), which he has done, this Motion should be granted.

## 2. The Amount of Probable Reasonable Expenses of the Defendants, Including Attorney's Fees, Is Well in Excess of $50,000.

As shown in the Declaration of Monty A. McIntyre filed in support of this motion, Barnes' costs and attorney's fees in this litigation will likely exceed $50,000. (McIntyre Declaration, ¶ 3.) Security in the amount of $50,000 should be ordered.

## III.

## CONCLUSION

The motion for security should be granted because Evergreen's action is a derivative action based upon the gravamen of the complaint, at least one of the causes of action will not benefit the corporation, and the costs of defending Evergreen's action are likely to exceed $50,000. For these reasons, the Court should grant this Motion and require Evergreen to provide $50,000 in security for Barnes' costs and attorney's fees in this action.

Dated: August 13, 2008  SELTZER CAPLAN McMAHON VITEK
A Law Corporation

By:  /s/ Monty A. McIntyre

Monty A. McIntyre
Wes E. Henricksen
Attorneys for Defendant DON BARNES, an individual.

1  Monty A. McIntyre, Esq. (SBN 95796)
2  Wes E. Henricksen, Esq. (SBN 246712)
   SELTZER CAPLAN MCMAHON VITEK
3  A Law Corporation
   750 B Street, 2100 Symphony Towers
4  San Diego, California 92101-8177
5  Telephone:   (619) 685-3003; Facsimile: (619) 685-3100
   mcintyre@scmv.com; whenricksen@scmv.com
6
7  Attorneys for Defendant DON BARNES and DELK PRODUCTS, INC.

8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERGREEN RESEARCH AND MARKETING, LLC, <br><br>                Plaintiff, <br><br>     vs. <br><br> DON BARNES, an individual; and DELK PRODUCTS, INC.; LARRY KAIN, an individual; PINNACLE NATIONAL BANK; and DOES 1-20, inclusive, <br><br>                Defendants. | ) CASE NO. 08-cv-1438 WQH WMc <br> ) <br> ) **DECLARATION OF DON BARNES IN** <br> ) **SUPPORT OF DEFENDANT DON** <br> ) **BARNES' MOTION FOR AN ORDER** <br> ) **REQUIRING PLAINTIFF TO** <br> ) **PROVIDE SECURITY FOR COSTS** <br> ) **AND FEES** <br> ) <br> ) DATE:        October 6, 2008 <br> ) TIME:         11 a.m. <br> ) JUDGE:       Hon. William Q. Hayes <br> ) DEPT          Courtroom 4 <br> ) COMPLAINT FILED:  June 30, 2008 <br> ) TRIAL DATE:           Not Yet Set <br> ) |

I, DON BARNES, declare and state as follows:

 1.   I have personal knowledge of the facts set forth in this Declaration and could and would testify competently to those facts if called as a witness.

 2.   I am a 50 percent shareholder of BetaBake Products, Inc.

 3.   I am also the President of BetaBake Products, Inc, and I am one of two of its directors.

/ / /

---

DECLARATION OF DON BARNES                                                    Case No. 08-cv-1438 WQH WMc

1 | / / /

2 |       I declare under penalty of perjury under the laws of the United States of America that the
3 | foregoing is true and correct, and that this declaration was executed on August __, 2008, at Nashville,
4 | Tennessee.

                                                                                     _____
                                                                                       Don Barnes

5–28 (blank)

P:\14\14199\64083\Pleads\Federal Case\Motions\Motion for Security\Dec of Barnes draft 8-12-08.doc

---

DECLARATION OF DON BARNES                                      Case No.

3

Monty A. McIntyre, Esq. (SBN 95796)
Wes E. Henricksen, Esq. (SBN 246712)
SELTZER CAPLAN MCMAHON VITEK
A Law Corporation
750 B Street, 2100 Symphony Towers
San Diego, California 92101-8177
Telephone:   (619) 685-3003; Facsimile: (619) 685-3100
mcintyre@scmv.com; whenricksen@scmv.com

Attorneys for Defendants DON BARNES and DELK PRODUCTS, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERGREEN RESEARCH AND MARKETING, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DON BARNES, an individual; and DELK PRODUCTS, INC.; LARRY KAIN, an individual; PINNACLE NATIONAL BANK; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO.  08-cv-1438 WQH WMc<br><br>**DECLARATION OF MONTY A. McINTYRE IN SUPPORT OF DEFENDANT DON BARNES' MOTION FOR AN ORDER REQUIRING PLAINTIFF TO PROVIDE SECURITY FOR COSTS AND FEES**<br><br>DATE:    October 6, 2008<br>TIME:    11 a.m.<br>JUDGE:   Hon. William Q. Hayes<br>DEPT:    Courtroom 4<br>COMPLAINT FILED: June 30, 2008<br>TRIAL DATE:        Not Yet Set |

I, MONTY A. McINTYRE, declare and state as follows:

1.     I am a shareholder with the law firm of Seltzer Caplan McMahon Vitek, attorneys of record for Defendant DON BARNES ("Barnes"). I have personal knowledge of the facts set forth in this Declaration and could and would testify competently to those facts if called as a witness.

2.     Based upon information provided by Mr. Barnes, my understanding is that as of the date of this declaration neither Barnes nor Delk Products, Inc. ("Delk") have been properly served with a

1  summons or complaint in this action. I am informed that a copy of the summons and complaint was
2  delivered to the Delk office in Tennessee on approximately July 9, 2008, but it was not personally
3  delivered to Mr. Barnes or to any person authorized to accept service on behalf of Delk. I am further
4  informed that on approximately August 7, 2008, a copy of the summons and complaint was mailed to
5  the Delk office.

6      3.     As one of the attorneys representing Mr. Barnes at this firm, I am familiar with the
7  litigation in this case and the files maintained at this office. Based on my jury and judge trial
8  experience in both the state and federal courts, my experience in representing defendants in business
9  cases like this one, and the scope of the allegations in Plaintiff's complaint, I estimate that Mr. Barnes
10 (as well as Delk) will incur more than $50,000 in attorney's fees and costs as this litigation moves
11 forward.

12     I declare under penalty of perjury under the laws of the United States of America that the
13 foregoing is true and correct, and that this declaration was executed on August 13, 2008, at San Diego,
14 California.

16                                                       /s/   Monty A. McIntyre

| Monty A. McIntyre, Esq. (SBN 95796) | TELEPHONE NO. | COURT USE ONLY |
| --- | --- | --- |
| SELTZER CAPLAN MCMAHON VITEK | (619) 685-3003 | |
| 2100 Symphony Towers, 750 "B" Street | | |
| San Diego, CA 92101 | | |
| Attorneys For DON BARNES and DELK PRODUCTS, INC. | | |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| PLAINTIFFS: EVERGREEN RESEARCH AND MARKETING, LLC | JUDGE: Hon. William Q. Hayes |
| --- | --- |
| | DEPT: Courtroom 4 |
| DEFENDANTS: DON BARNES, an individual; and DELK PRODUCTS, INC.; LARRY KAIN, an individual, PINNACLE NATIONAL BANK; and DOES 1-20, inclusive | DATE: |
| | TIME: |
| PROOF OF SERVICE BY ELECTRONIC MAIL | CASE NUMBER 08 CV 1438 WQH WMc |

I, Anna Gateley-Stanton, declare that: I am over the age of 18 years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California, where the service occurs; and my business address is 2100 Symphony Towers, 750 B Street, San Diego, CA 92101.

On today's date, I caused to be served the following document(s): FIRST AMENDED NOTICE OF MOTION AND MOTION BY DEFENDANT DON BARNES FOR AN ORDER REQUIRING PLAINTIFF TO PROVIDE SECURITY FOR COSTS AND FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DON BARNES' MOTION FOR AN ORDER REQUIRING PLAINTIFF TO PROVIDE SECURITY FOR COSTS AND FEES; DECLARATION OF DON BARNES IN SUPPORT OF DEFENDANT DON BARNES' MOTION FOR AN ORDER REQUIRING PLAINTIFF TO PROVIDE SECURITY FOR COSTS AND FEES; and DECLARATION OF MONTY A. McINTYRE IN SUPPORT OF DEFENDANT DON BARNES' MOTION FOR AN ORDER REQUIRING PLAINTIFF TO PROVIDE SECURITY FOR COSTS AND FEES

by electronic mail as follows:

| Todd Christopher Atkins | tatkins@atkinsdavidson.com | Counsel for Plaintiff EVERGREEN RESEARCH AND MARKETING, LLC |
| --- | --- | --- |
| Caryn M Anderson | canderson@luce.com | Counsel for Defendant PINNACLE NATIONAL BANK and LARRY KAIN |
| Callie A Bjurstrom | cbjurstrom@luce.com | Counsel for Defendant PINNACLE NATIONAL BANK and LARRY KAIN |

There are no manual recipients to be served by mail.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 14, 2008, at San Diego, California.

_Anna Gateley-Stanton_
Anna Gateley-Stanton